(No. 85-CC-1292—

DONALD NELSEN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 8, 1991.*

*Order filed December 18, 1992.*

GOLDMAN & MARCUS, for Claimant.

ROLAND W. BURRIS, Attorney General (ERIN O'CONNELL, Assistant Attorney General, of counsel), for Respondent.

OPINION

BURKE, J.

The Claimant, Donald Nelsen, brings this action against the State of Illinois to enforce an employment/enlistment contract and seeks compensation for the period from September 18, 1981, to date, for wages, accumulated sick-leave pay, uniform allowance, vacation credits, retirement credits, as well as reimbursement for medical and dental expenses incurred by Claimant during the period that same were available to employees.

Claimant alleges that on or about September 18, 1981, he was hired into a battalion of the Military and Naval Department of the State of Illinois, and more particularly, the 508th Medical Company; that, through interviews and discussions with Major Thompson at the Chicago Avenue Armory in Chicago, he was directed and did take all the necessary physical tests and completed all enlistment and application records. Claimant further alleges that he worked on September 18, and when he reported back the next day, he was advised that he would not be re-employed which constituted improper termination of his employment.

Respondent filed a motion to dismiss for lack of jurisdiction and this Court ruled on July 23, 1990, that there was an employment agreement with a State agency rather than the Federal government as Claimant did not take an oath of enlistment which was necessary

for enlistment into the National Guard, and Respondent's motion was denied.

The sole issue presented is whether the Claimant was appointed to a position with the Illinois National Guard and if so, was he entitled to the aforesaid back pay because his employment was improperly terminated.

Lieutenant Colonel Frank L. Thompson of the Illinois National Guard testified that he commenced employment in January 1966, that he was in command of the 33rd Military Police Battalion in Chicago, that he was an administrative officer through most of his career, and that he was presently the assistant State maintenance officer for the State of Illinois Guard.

Claimant was told by Col. Thompson to re-enlist into the National Guard which would require attendance one weekend a month and two weeks in the summer and that there was a full-time position with the Illinois National Guard at the Broadway Armory in Chicago. The latter position required enlistment in the National Guard. Col. Thompson further testified that the Claimant was never sworn into the National Guard and that the National Guard Rules and Regulations provided that (Reg. No. 600-2) everything must be completed for an individual to join the military. Therefore, he stated, "Mr. Nelsen was never sworn into the National Guard and that ended everything there was to it."

The Colonel previously testified that he told Mr. Nelsen that there were two people in the Armory who strenuously objected to his being in the Illinois Armory and advised him to accept the part-time job with the Naval Armory, which he refused and elected to "go home."

Claimant's counsel cites two cases which hold that the swearing-in process is a mere formality and that failure to do so did not constitute an act that would exclude one from being a member of the Guard. These cases do not alter the fact that the State's regulations as to entrance into the Illinois National Guard require completion of all requirements into the National Guard before being eligible for enlistment into the Illinois National Guard. There is a dispute as to whether the Claimant was ever sworn in, the Claimant stating that he was sworn in and Col. Thompson stating that the Claimant never took the oath of office. Respondent's records do not reflect completion.

The facts herein do not indicate, by the weight of the evidence, that there was completion of all the prerequisites for proper entry into the Illinois National Guard. The basic and fundamental rule of any contract requires a meeting of the minds, which does not exist in the instant case. Respondent never indicated at any time in these proceedings that it accepted the Claimant's reenlistment application. Further, assuming it did indicate previous acceptance, the testimony of Col. Thompson clearly showed that the Claimant was not acceptable to the Respondent and so informed the Claimant.

Wherefore, it is hereby ordered that this claim is denied.

## ORDER

BURKE, J.

This cause coming to be heard upon Claimant's request for review and the Court being fully advised in the premises,

58

It is hereby ordered that Claimant's request is hereby denied.